Suzanne L. Martin
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
Marcus B. Smith
Nevada Bar No. 12098
marcus.smith@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Western Alliance Bank dba Bank of Nevada*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| OMAR NAGY, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>WESTERN ALLIANCE BANK, d/b/a "BANK OF NEVADA",<br><br>  Defendant. | Case No.: 2:16-cv-02095-JCM-GWF<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |

Plaintiff Omar Nagy ("Plaintiff") and Defendant Western Alliance Bank *dba* Bank of Nevada ("Defendant") (collectively, the "Parties"), through their counsel of record, requests the Court enter the following Stipulated Protective Order Concerning Confidential Information. This Stipulation is filed pursuant to Local Rule 7-1.

**I.    CONFIDENTIAL MATERIAL**

The Parties agree there are certain categories of information and documents that deserve protection from disclosure.  The Parties agree disclosure of this information to individuals not associated with this litigation may harm the Parties, their respective businesses interests, and customers. The parties will keep 'confidential' the proceeding "Confidential Information." "Confidential Information," consists of:

(a) any documents or other information which counsel in good faith believe contain confidential or proprietary business information, including customer names, accounts or financial information;

(b) any documents or other information which counsel in good faith believe contain or relate to confidential bank operations, the public disclosure of which would be detrimental to Defendant or its customers;

(c) any documents or other information which counsel in good faith believe relate to credit or financing transactions by Defendant or its customers, including the value of any loan, the collateral for a loan, the addresses of properties being purchased as part of a loan transaction, and other non-public information regarding Defendant's customers produced by Defendant; and

(d) Plaintiff's protected health information, law school records, and non-public information regarding businesses in which Plaintiff has an ownership interest, or is invested, or operates.

Confidential Information shall be confidential, and maintained as confidential, in accordance with the terms of this Stipulated Protective Order Concerning Confidential Information. "Confidential Information" includes any portion of documents, discovery responses, testimony, or other discovery materials containing Confidential Information.

## II. USE OF CONFIDENTIAL MATERIAL

"Confidential Information" described in Section I above may only be used for purposes of this litigation, and may be only disclosed with the consent of the parties, or by Court Order, to the following persons:

(a) The Court, and Court personnel involved in this case (including court reporters and persons operating video recording equipment at depositions);

(b) The Parties' counsel of record in this action, including their partners, associates, secretaries, legal assistants, clerical staff, and employees working with, or under the supervision of counsel, to the extent reasonably necessary to render professional services in this action; and,

(c) Witnesses expected to testify at any deposition, hearing, or trial, including use during the preparation of witnesses, and potential witnesses subject to such witnesses' agreement to be bound by the terms of this Order.

Before including Confidential Information or discussing or referencing this material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation. The filing party shall also confer with the designating party as to whether the document can be redacted, or whether a motion to seal or

stipulation and proposed order is warranted.

III. **DESIGNATION OF CONFIDENTIAL MATERIAL**

A. **Exercise of Restraint and Care in Designating Material for Protection.** Each party designating information or items for protection under this Order shall limit any designation to specific material qualifying under the appropriate standards above. The designating party must only designate for protection those parts of material, documents, items, or oral or written communications qualifying for protection.

Mass, indiscriminate, or routinized designations are prohibited. Designations shown to be clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on the other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention information or items it designated for protection do not qualify for protection, the designating party must promptly notify all other parties it withdrew a mistaken designation.

B. **Designation of Previously Produced Documents and Testimony as Confidential.** Within 30 days after the Court approves of and grants this Order, each party will designate what it believes to be Confidential Information by identifying documents containing Confidential Information by bates number or designating Confidential Information.

C. **Manner and Timing of Designations.** The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion of the material on a page qualifies for protection, the producing party must also clearly identify the protected portions(s) (*e.g.*, by making appropriate markings in the margins or by redacting the material and marking it Confidential).

2. Oral testimony may be designated as Confidential during the deposition, or within fifteen business days after receipt of the transcript of such deposition, by sending written notice of the designation, and identifying by page and line, the portions of the transcript of the deposition, or other testimony, treated as Confidential.

3. Other tangible items: the producing party must affix, in a prominent place

1  on the exterior of the container or containers in which the information or item is stored, the word
2  "CONFIDENTIAL." If only a portion, or portions, of the information or item warrant protection,
3  the producing party, to the extent practicable, shall identify the protected portion(s).

4        **D.**    **Inadvertent Failures to Designate**. If corrected within 10 business days, an
5  inadvertent failure to designate qualified information or items does not, standing alone, waive the
6  designating party's right to secure protection under this Order for such material. Upon notification
7  by the designating party to the receiving party, that there was an inadvertent failure to designate,
8  the receiving party must make reasonable efforts to ensure the material is treated in accordance
9  with the provisions of this Order.

10        A designation of materials as Confidential shall be made by affixing or placing the notice
11  "Confidential" on all such materials. The designation shall be affixed in a manner that does not
12  interfere with the legibility or use of the materials. There shall be no such designation with respect
13  to any materials except where the designating Party or Parties and their counsel of record have a
14  reasonable, good faith belief that the materials in fact contain information subject to protection
15  pursuant to the standards set forth in this Order.

16  **IV.**    **OBJECTIONS TO DESIGNATIONS OF CONFIDENTIAL MATERIAL**

17        Any time after the production of any materials designated as Confidential by one party, the
18  other party may serve a notice of objection to such designation, stating the reasons for such
19  objection. The Parties shall attempt to resolve the dispute informally, and in good faith, before
20  seeking help from the Court to resolve any dispute relating to this stipulation. To the extent the
21  Parties are unable to informally and in good faith resolve their differences after meeting and
22  conferring, the designating party must file a motion to retain confidentiality under Local Rule 26-7.
23  The burden of proving the appropriateness of the designation shall be upon the party designating
24  the materials as confidential. If no such motion is made, the materials shall no longer be
25  considered Confidential.

26  . . .
27  . . .
28  . . .

V.  **CONCLUSION OF PROCEEDINGS**

Following the termination of this litigation by final judgment, settlement or otherwise (including appeals), the Parties agree the respective firms' client file remain confidential.

THEREFORE, the Parties agree to the Stipulated Protective Order Concerning Confidential Information.

| | |
|---|---|
| DATED this 9th day of March, 2017. | DATED this 9th day of March, 2017. |
| LAW OFFICES OF STEVEN J. PARSONS | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| /s/ Andrew L. Rempfer | /s/ Suzanne L. Martin |
| Andrew L. Rempfer<br>Nevada Bar No. 8628<br>10091 Park Run Drive<br>Suite 200<br>Las Vegas, NV 89145<br>*Attorneys for Plaintiff* | Suzanne L. Martin<br>Nevada Bar No. 8833<br>Marcus B. Smith<br>Nevada Bar No. 12098<br>Wells Fargo Tower<br>Suite 1500<br>3800 Howard Hughes Parkway<br>Las Vegas, NV 89169<br>*Attorneys for Defendant* |

**ORDER**

IT IS SO ORDERED.

_/s/ George Foley Jr._
UNITED STATES MAGISTRATE JUDGE

DATED: March 10, 2017